# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHARLES CHANG**, *et al.* | * | |
| *On behalf of themselves and All others similarly situated,* | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | **Civil Case: 20-cv-0597 (PWG)** |
| **v.** | * | |
| **IRON AGE ROCKVILLE, LLC**, *et al.,* | * | |
| | * | |
| **Defendants.** | * | |

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("the Agreement") is created by and between Plaintiffs Charles Chang, Won Song, and Dongxiong Zhu and the classes of individuals that they represent and Defendants Iron Age Rockville, LLC, Iron Age Baltimore, LLC, Iron Age Annandale, LLC, Iron Age Centreville, LLC, Myung Ae Sim, and Hannah Sim. This Agreement is binding upon all of the Class Representatives (as defined, *infra*), all Maryland Wage Class Members (as defined, *infra*), all Pre-Settlement FLSA Opt-In Plaintiffs (as defined, *infra*), all Maryland Opt-In Claimants (as defined, *infra*), all FLSA Opt-In Claimants (as defined, *infra*), Class Counsel (as defined, *infra*), the Defendants (as defined, *infra*), and Defense Counsel (as defined, *infra*), other than those Maryland Wage Class Members who both opt out of the settlement and do not participate as Maryland Opt-In Claimants or FLSA Opt-In Claimants, except as set forth herein.

## I.    DEFINITIONS

The terms set forth below shall have the meanings defined in this Section wherever used in this Agreement and in all of its Exhibits.

1

A.      The "Civil Action" means the above-captioned case.

B.      "Claimant" is a generic term referring, in proper context to any Class Representatives (as defined, *infra),* any Pre-Settlement FLSA Opt-In Plaintiffs (as defined, *infra), and* any Class Members who return a timely executed Settlement Claim and Release Form in the form attached as Exhibit A.

C.      "Claims Administrator" means Simpluris, Inc., P.O. Box 26170, Santa Ana, CA 92799, telephone number (888) 369-3780, fax number (714) 824-8591, and dedicated email address: IronAgeRestaurantsAdmin@simpluris.com.

D.      "Class Counsel" means Howard B. Hoffman, Esq., Jordan Liew, Esq., James E. Rubin, Esq., along with their respective law firms, associate attorneys, and support para-professional staff.

E.      "Class Member" means any person who is a member of at least one of the two subclasses, i.e., FLSA Wage Class and/or Maryland Wage Class, as those terms are defined below. A Class Member who returns a Settlement Claim and Release Form and is deemed to have consented to participate in all subclasses in which they may otherwise participate.

F.      "Class Representatives" mean Charles Chang, Won Song, and Dongxiong Zhu.

G.      The "Court" means the United States District Court for the District of Maryland (Southern Division), Hon. Paul W. Grimm presiding.

H.      "Defendants" mean Iron Age Rockville, LLC, Iron Age Baltimore, LLC, Iron Age Annandale, LLC, Iron Age Centreville, LLC, Myung Ae Sim, and Hannah Sim.

I.      "Defense Counsel" means James R. Hammerschmidt, Esq. and Scott A. Mirsky, Esq., along with their law firm, associate attorneys, and support Para-professional staff.

J.      "Effective Date" means the earliest date upon which both of the following have occurred: (1) entry of an Order by the Court certifying the Rule 23 Class for purposes of this Settlement; and (2) entry of Final Approval Order (as defined, *infra*).

K.      "Execution Date" means the date on which the last of the Parties execute this Agreement.

L.      The "Final Approval Order" means the Order entered by this Court (a) approving the terms of this Agreement following submission to the Court of a Joint Motion for Order for Final Certification of the Rule 23 Settlement Class and Final Approval of this Agreement; and (b) approving an award of attorneys' fees and costs as set forth in paragraph IV, below.

M.      The "FLSA Wage Class" means any and all tipped servers who performed work at any "Iron Age Restaurant" located in Virginia or Maryland during the applicable FLSA Wage Class Damages Period and who during this period were paid less than $7.25/hour.

N.      "FLSA Wage Class Members" means any current or former tipped servers who performed work at an "Iron Age Restaurant" located in Virginia or Maryland during the applicable FLSA Wage Class Damages Period and who during this period were paid less than $7.25/hour, when working forty (40) hours or less in a work week and/or who during this period were paid less than $10.88/hour, when working more than forty (40) hours in a work week.

O.      The "FLSA Wage Class Damages Period" means the period between October 16, 2017 and March 4, 2020 for hours worked in Virginia, and the period between March 4, 2017 and March 4, 2020 for hours worked in Maryland.

P.      "FLSA Opt-In Claimant" means any FLSA Wage Class Member who timely signs and returns a Settlement Claim and Release Form, as provided in the form attached as Exhibit A.

3

Q.    The "FLSA Opt-In Settlement Class" means any and all current or former servers who performed work at any "Iron Age Restaurant" located in either (a) Maryland between March 4, 2017 and March 4, 2020 or (b) Virginia between October 16, 2017 and March 4, 2020, and who during the applicable period were paid less than $7.25/hour, when working forty (40) hours or less in a work week and/or who during this period were paid less than $10.88/hour, when working more than forty (40) hours in a work week, and who filed an opt-in notice with the Court on or before Execution Date, or who timely opts into the Civil Action and the settlement by timely signing and returning a Settlement Claim and Release Form.

R.    "Iron Age Restaurant" means the Iron Age Korean-style BBQ restaurants owned or operated by the Defendants Iron Age Rockville, LLC, Iron Age Baltimore, LLC, Iron Age Annandale, LLC, Iron Age Centreville, LLC, Myung Ae Sim and/or  Hannah Sim.

S.    The "Maryland Wage Class" means any and all tipped servers who performed work at an "Iron Age Restaurant" located in Maryland between March 4, 2017 and March 4, 2020 and who during this period were paid less than the then applicable state minimum wage.[1]

T.    "Maryland Wage Class Members" means any current or former tipped servers who performed work at an "Iron Age Restaurant" located in Maryland between March 4, 2017 and March 4, 2020 and who during this period were paid less than the then applicable state minimum wage, when working forty (40) hours or less in a work week and/or who during this period were paid less than 1.5 times the then-applicable state minimum wage, when working more than forty (40) hours in a work week.

---

[1] $8.75 from March 4, 2017 until June 30, 2017; $9.25 from July 1, 2017 until June 30, 2018; $10.10 from July 1, 2018 until December 31, 2019; $11.00 from January 1, 2020 to March 4, 2020.

U.     "Maryland Opt-In Claimant" means any Maryland Wage Class Member who timely signs and returns a Settlement Claim and Release Form, as provided in the form attached as Exhibit A.

V.     The "Maryland Opt-In Settlement Class" means any and all current or former servers who performed work at any "Iron Age Restaurant" located in Maryland between March 4, 2017 and March 4, 2020, and who during this applicable period were paid less than $7.25/hour, when working forty (40) hours or less in a work week and/or who during this period were paid less than $10.88/hour, when working more than forty (40) hours in a work week, and who filed an opt-in notice with the Court on or before Execution Date, or who timely opts into the Civil Action and the settlement by timely signing and returning a Settlement Claim and Release Form.

W.     The "Parties" mean, collectively, the Class Representative, the Pre-Settlement FLSA Opt-In Plaintiffs, the Maryland Wage Class Members, the FLSA Wage Class Members, and the Defendants.

X.     The "Preliminary Approval Order" means the Order entered by the Court preliminarily approving this Agreement following submission to the Court of a Joint Motion for an Order Preliminarily Approving the Settlement Agreement, Conditionally Certifying the Rule 23 Wage Class and Certifying the FLSA Wage Class.

Y.     The "QSF" means the Qualified Settlement Fund to be established and maintained in connection with the terms of this Agreement.

Z.     "Pre-Settlement FLSA Opt-In Plaintiffs" means Ashley Chang, Justin Hsieh, Ryan Cho, and Maxwell Burke.

AA.     "Released Claims" means all claims that were brought in the Civil Action as set forth below in ¶¶ VIII.A., VIII.B., VIII.C., and VIII.D.

5

BB.     "Released Parties" means the Defendants and Kenny Kim, any and all of Defendants' owners, stockholders, predecessors, successors, assigns, agents, directors, officers, partners, employees, representatives, insurers, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under, or in concert with any of them, including any party that was or could have been named as a defendant in the Civil Action.

## II.     RECITALS

A.     On or about March 4, 2020, Class Representatives Charles Chang, Won Song, and Dongxiong Zhu brought this Civil Action in which they alleged that the Defendants violated the Fair Labor Standards Act ("FLSA"), the Maryland Wage/Hour Law ("MWHL") and the Maryland Wage Payment and Collection Law ("MWPCL") by failing to properly pay servers the minimum wage and overtime as required by these laws. The Complaint sought recovery of minimum wages, overtime wages, liquidated damages in the amount equal to unpaid minimum wages and overtime wages, statutory damages in the amount of three times the unpaid wages, pre- and post- judgment interest, costs, reasonable attorneys' fees, and other costs for the certification of a class pursuant to 29 U.S.C. § 216(b).

B.     Following the filing of this Civil Action by Class Representatives Charles Chang, Won Song, and Dongxiong Zhu, and additional four (4) individuals filed opt-in notices to join this case as FLSA party Plaintiffs. Those individuals were the Pre-Settlement FLSA Opt-In Plaintiffs; namely, (1) Ashley Chang, (2) Justin Hsieh, (3) Ryan Cho, and (4) Maxwell Burke.

C.     The Class Representatives have not yet filed a motion for conditional certification of a collective action or a motion for class certification.

D.      On September 25, 2020, the Parties appeared for mediation before the Hon. William G. Connelly (Ret.), including each of the Defendants (or their authorized representatives), the two Class Representatives (who were authorized representatives of the third Class Representative) and two of the Pre-Settlement FLSA Opt-In Plaintiffs, and their respective counsel.

E.      As a result of the mediation session, the Parties reached certain tentative understandings regarding the value of claims for the Class Representative, the Pre-Settlement FLSA Opt-In Plaintiffs, the FLSA Opt-In Claimants, and the Maryland Wage Class.

F.      For purposes of this settlement only, the Parties now seek the certification of two settlement subclasses: (1) a settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure, with respect the Maryland Wage Class and (2) a settlement class pursuant to the FLSA, with respect to the FLSA Wage Class.

G.      This Settlement Agreement is contingent upon the approval and certification of both the Maryland Wage Class and the FLSA Wage Class. The Defendants do not waive, and expressly reserve their right to challenge the propriety of class and/or collective certification for any other purpose, including but not limited to, the failure of the Court to finally approve this Settlement Agreement, a failure to certify a Maryland Wage Class, or a failure to enter the Final Approval Order.

H.      Prior to entering into this Agreement, Class Counsel investigated the facts of the Civil Action. Defendants provided Class Counsel numerous and voluminous payroll records and Class Counsel interviewed numerous Pre-Settlement FLSA Opt-In Plaintiffs and the Class Representatives. Based upon Class Counsel's evaluation, and in light of all known facts and circumstances (including the risk of significant delay, defenses asserted by Defendants, and other potential legal and factual issues), Class Counsel are of the opinion that the settlement terms set

7

forth in this Agreement are fair, reasonable, adequate and in the best interests of the Class Representative, Pre-Settlement FLSA Opt-In Plaintiffs, FLSA Wage Class Members, and Maryland Wage Class Members.

I.      It is the intention of the Parties that this Agreement shall constitute a full and complete settlement of all Released Claims (as that term is defined in ¶ I.AA. and Section VIII of this Agreement), against all Released Parties (as that term is defined in ¶ I.BB.).

J.      Defendants deny any liability or wrongdoing of any kind associated with the claims alleged in the Civil Action.

K.      The Parties have agreed to enter into this Agreement in order to put to rest all controversy with this Civil Action, the conditional and final certification of an FLSA class, a putative class action pursuant to Fed.R.Civ.P. 23 for claims under the MWHL and MWPCL, and to avoid further expense and burdensome, protracted and costly litigation without in any way acknowledging any fault or liability. This Agreement is a compromise and shall not be construed as an admission by Parties or the Released Parties of liability at any time or for any purpose. It is agreed by the Parties that neither the execution of this Agreement, nor fulfilling any of its provisions, constitutes an admission by the Parties or any of the other Released Parties, as defined above, that they committed any unlawful or wrongful act or conduct, or owe any damages or other amounts of any sort, including for Defendants taking any such act or engaging in any conduct, against the Maryland Wage Class Members or the FLSA Wage Class Members, or that Defendants owe any damages/amounts to Maryland Wage Class Members or the FLSA Wage Class Members, including, but without limitation, with respect to any FLSA, MWHL, or MWPCL claims, or for any violation of any other Federal, state or local law, including any fair employment practices or other employment-related law, and the Parties specifically deny having engaged in any unlawful or wrongful conduct or owing any damages/amounts to any other Party. Further, this Agreement shall

8

not in any way be construed as an admission by the Parties or any or all of the other Released Parties, as defined above, that they have acted wrongfully with respect to any other party and all of the Released Parties specifically disclaim to one another. Finally, the Parties further agree that this Agreement does not constitute a determination or admission that any group of similarly situated employees exist to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedure, if contested by Defendants. Neither this Agreement nor anything in it, nor any part of the negotiations that occurred in connection with the creation of this Agreement shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement.

## III.   AGREED TERMS

A.    The Parties agree that any Claimant who is a member of both the Maryland Wage Class and the FLSA Wage Class will be compensated for his or her work in Maryland using the formula outlined in Section III.B.1 and for his or her work in Virginia using the formula outlined in Section III.B.2, but, in no event can be compensated more than once for the same work.

B.    The Parties agree upon the following formulas:

1.    **Hours worked in Maryland:** The following formula shall be used to calculate the amount to be paid to each Class Representative (if applicable), each Pre-Settlement FLSA Opt-In Plaintiff (if applicable), and each Maryland Opt-In Claimant(s) based upon the hours each worked in **Maryland** during the period between March 4, 2017 and March 4, 2020.

a. <u>Minimum</u>: The first step shall be to determine the total number of hours paid to each Class Representative (if applicable), each Pre-Settlement FLSA Opt-In Plaintiff (if applicable), and each Maryland Opt-In Claimant for hours worked

in **Maryland** during the period between March 4, 2017 and March 4, 2020 from bi-weekly wage payment records maintained by the Defendant. The second step is to multiply the then-applicable minimum hourly wage due under the MWHL ($8.75/hour from 3/4/17 to 6/30/17; $9.25/hour from 7/1/17 to 6/30/18; $10.10/hour from 7/1/18 to 12/31/19; and $11.00/hour from 1/1/20 to 3/4//20) and all total hours of forty (40) or less hours in a single workweek. This shall be referred to as the "Minimum Wage Due." The third step shall be to determine what amount was actually paid by Defendants to that Class Representative, Pre-Settlement FLSA Opt-In Plaintiff or Maryland Opt-In Claimant for those hours. This amount shall be referred to as the "Amount Paid." The fourth step shall be to subtract the Amount Paid from the Minimum Wage Due. This shall be referred to as the "Unpaid Minimum Wage." The sixth step shall be to multiply the Unpaid Minimum Wage by a 1.0 multiplier ("Multiplier"). This shall be referred to as the "Minimum Wage Award."

b. <u>Overtime Wage</u>: The first step shall be to determine the total number of hours over forty (40) worked in **Maryland** in a single workweek by each Class Representative (if applicable), each Pre-Settlement FLSA Opt-In Plaintiff (if applicable), and each Maryland Opt-In Claimant during the period between March 4, 2017 and March 4, 2020, which were not compensated at a rate of one and one half times ($1^1/_2$) times the then-applicable minimum overtime hourly wage due under the MWHL ($13.13/OT hour from 3/4/17 to 6/30/17; $13.88/OT hour from 7/1/17 to 6/30/18; $15.15/OT hour from 7/1/18 to 12/31/19; and $16.50/OT hour from 1/1/20 to 3/4/20). This shall be referred to as the "Overtime Hours". The second step is to determine the value of the Overtime

10

Hours by multiplying those hours by the then-applicable minimum overtime hourly wage due under the MWHL ($13.13/OT hour from 3/4/17 to 6/30/17; $13.88/OT hour from 7/1/17 to 6/30/18; $15.15/OT hour from 7/1/18 to 12/31/19; and $16.50/OT hour from 1/1/20 to 3/4//20). This shall be referred to as the "Overtime Wage Due." The third step is to determine what amount was actually paid by Defendants to the Class Representatives and Opt-In Claimant(s) for Overtime Hours. This amount shall be referred to as the "Amount Paid Overtime." The fourth step is to subtract the Amount Paid Overtime from the Overtime Wage Due. This shall be referred to as the "Unpaid Overtime Wage." The fifth step is to multiply the Unpaid Overtime Wage by a 1.0 multiplier ("Multiplier"). This shall be referred to as the "Overtime Award."

    c.  <u>Combined Award</u>: The Minimum Wage Award and the Overtime Award shall be added together to determine final payment amount for hours worked in **Maryland** by each Class Representative (if applicable), each Pre-Settlement FLSA Opt-In Plaintiff (if applicable), and each Maryland Opt-In Claimant(s) and shall be referred to as a "Wage Award."

2.    **Hours worked in Virginia:**  The following formula shall be used to calculate the amount to be paid to each Class Representative (if applicable), each Pre-Settlement FLSA Opt-In Plaintiff (if applicable), and each FLSA Opt-In Claimant (if applicable) based upon the hours they each worked in **Virginia** during the period between October 16, 2017 and March 4, 2020.

    a.  <u>Minimum</u>: The first step shall be to determine the total number of hours paid to each Class Representative (if applicable), each Pre-Settlement FLSA Opt-

11

In Plaintiff (if applicable), and each FLSA Opt-Claimant (if applicable) for hours worked in **Virginia** during the period between October 16, 2017 and March 4, 2020 from bi-weekly wage payment records maintained by the Defendant. The second step is to multiply the then-applicable minimum hourly wage due under the FLSA, ($7.25/hour at all times) and all weekly total hours of forty (40) or less hours in a single workweek. This shall be referred to as the "Minimum Wage Due." The third step shall be to determine what amount was actually paid by Defendants to that Class Representative, Pre-Settlement FLSA Opt-In Plaintiff or FLSA Opt-In Claimant for those hours. This amount shall be referred to as the "Amount Paid." The fourth step shall be to subtract the Amount Paid from the Minimum Wage Due. This shall be referred to as the "Unpaid Minimum Wage." The fifth step shall be to multiply the Unpaid Minimum Wage by a 1.0 multiplier ("Multiplier"). This shall be referred to as the "Minimum Wage Award."

b. <u>Overtime Wage</u>: The first step shall be to determine the total number of hours over forty (40) worked in **Virginia** in a single workweek by each Class Representative (if applicable), each Pre-Settlement FLSA Opt-In Plaintiff (if applicable), and each FLSA Opt-In Claimant (if applicable) during the period between October 16, 2017 and March 4, 2020, which were not compensated at a rate of one and one half times ($1\frac{1}{2}$) times the then-applicable minimum overtime hourly wage due under the FLSA ($10.88/ hour at all times). This shall be referred to as the "Overtime Hours". The second step is to determine the value of the Overtime Hours by multiplying those hours by the then-applicable minimum overtime hourly wage due under the FLSA ($10.88/hour at all times). This shall be referred to as the "Overtime Wage Due." The third

12

step is to determine what amount was actually paid by Defendants to the Class Representative, Pre-Settlement FLSA Opt-In Plaintiffs, if applicable, and the FLSA Opt-In Claimant(s) for Overtime Hours. This amount shall be referred to as the "Amount Paid Overtime." The fourth step is to subtract the Amount Paid Overtime from the Overtime Wage Due. This shall be referred to as the "Unpaid Overtime Wage." The fifth step is to multiply the Unpaid Overtime Wage by a 1.0 multiplier ("Multiplier"). This shall be referred to as the "Overtime Award." In a week in which a Class Representative, Pre-Settlement FLSA Opt-In Plaintiff, or FLSA Opt-Claimant works in both Maryland and Virginia, all hours worked in that week by that Claimant will be counted as Maryland hours for the purposes of calculating Overtime.

c. <u>Combined Award</u>:  The Minimum Wage Award and the Overtime Award shall be added together to determine final payment amount for hours worked in **Virginia** by each Class Representative (if applicable), each Pre-Settlement FLSA Opt-In Plaintiff (if applicable), and each FLSA Opt-In Claimant(s) and shall be referred to as a "Wage Award."

C. In the event that the aggregate amount of the Wage Awards to all of the Class Representatives, FLSA Opt-In Claimants, and Maryland Opt-In Claimants is less than Nine Hundred Thousand and 00/100 Dollars ($900,000.00), then the Multiplier used for each Class Representative, FLSA Opt-In Claimants, and Maryland Opt-In Claimants shall be evenly increased so that the aggregate amount of all Wage Awards equals no more than $900,000; provided that, the Multiplier for hours worked in **Maryland** is capped at 3.0 and the Multiplier for hours worked in **Virginia** is capped at 2.0 ("Adjusted Wage Award"). In the further event that when these caps are applied to the Wage Award, the aggregate amount of all Wage Awards equals an amount less than

13

$900,000.00, then Defendants' liability under this Settlement Agreement shall be reduced by the difference between the Adjudged Wage Award and $900,000.00.

D.    Within fifteen(15) business days of Defense Counsel receiving copies of all of the Settlement Claim and Release Forms pursuant to ¶VI.F, *infra*, Defendants shall produce: (1) a copy of the bi-weekly payroll reports that contains entries concerning each Claimant (redacted as to individuals who are not Claimants) for the applicable damages period (and in any instances where beginning/ending dates are not shown or are incorrect, Defendant shall provide sufficient information for Class Counsel (and/or their expert) to readily ascertain this information); (2) a copy of each Claimants' paystubs for the applicable damages period; and (3) a copy of each Claimant's punch reports for the applicable damages period, to the extent such records exist.  Defendants represent and warrant that they will provide accurate payroll records to Class Counsel, which accurately reflect the Defendants' actual business records with respect to the hours worked and wages paid to each Maryland Wage Class Member and FLSA Class Member. A Claimant may only challenge the accuracy of the payroll records that Defendants have provided to Class Counsel by producing their own authentic wage records covering the same payroll periods of time in question.

E.    Calculations shall be performed by an expert witness retained by Class Counsel according to the formulas set forth in ¶¶ III.B.1 and III.B.2. The expert witness retained by Class Counsel shall have eighty (80) calendars days to calculate the Wage Awards according to the formulas set forth in ¶¶ III.B.1 and III.B.2.  In workweeks in which there is a change in the minimum wage amount under the MWHL, the Parties agree the expert shall apply the newly increased minimum wage rate in calculating a Wage Award.

F.    The Defendants shall instruct the Claims Administrator to also pay the following service payments (the "Service Payments") from the QSF that will be established and maintained in accordance with the terms of this Agreement:

      1.      Each Class Representative shall receive a total of Eight Thousand Five Hundred and 00/100 Dollars ($8,500.00).

      2.      Both Ashley Chang and Justin Hsieh (the two (2) Pre-Settlement FLSA Opt-In Plaintiffs who participated in the September 24, 2020 mediation) shall each receive a total of Four Thousand and 00/100 Dollars ($4,000.00).

      G.      So that Defendants and/or the Claims Administrator, as may be applicable, may issue IRS Forms W-2, 1099 and 1042-S (for non-resident aliens, as the case may be) for 2021 reflecting all payments made under this Settlement Agreement, Class Counsel (Hoffman Employment Law, LLC and Rubin Employment Law Firm, P.C.) and each Claimant shall provide Defendants' counsel a completed IRS Form W-4, IRS Form W-9, or for non-resident aliens, boxes 13.a - 13.1 of Form 1042-S completed, which shall accurately provide their U.S. and /or foreign taxpayer identification numbers.  All tax documents issued to Claimants will be issued under the name of the QSF (referencing the Employer Identification Number issued to the QSF).

      H.      The Defendants shall pay all reasonable costs associated with claims administration by the Claims Administrator, subject to the pre-approval by the Defense Counsel before the costs is incurred.

      I.      For the purposes of tax treatment under this Agreement, fifty percent (50%) of the amounts paid (Wage Awards) to each Claimant, representing unpaid wages as calculated pursuant to paragraphs III.B.1 and III.B.2, shall be treated as W-2 wages with appropriate withholding and tax reporting taken. The remaining fifty percent (50%) shall be paid as liquidated damages and treated as 1099 income (box 3) to each Opt-In Claimant, Pre-Settlement FLSA Opt-In Plaintiff, and/or Class Representative. For each Claimant who is identified by Class Counsel as a nonresident alien, the portion treated as liquidated/statutory damages shall be subject to a 30% withholding, and shall be reported to the IRS and the payee under the payee's name and tax identification number or social security number

on an IRS Form 1042-S. The Defendants will instruct the Claims Administrator (1) to prepare and file the required reports associated with all payments to Claimants made pursuant to this Agreement from the QSF and (2) to remit to all proper tax authorities all payroll taxes deducted pursuant to this Agreement, including employer portion of payroll taxes on W-2 wages, and shall provide proof of same to Class Counsel upon reasonable notice. Defendants shall direct the Claims Administrator to calculate the payroll taxes (using the applicable federal, state, and local supplemental taxes rates), including employer portion of the payroll taxes, for all W-2 payments pursuant to this Agreement to each Claimant(s), and paying same. The Parties agree that the Defendants will direct the Claims Administrator to issue a W-2 and a Form 1099 to each Claimant(s) for the year they receive the monies under this Agreement. It is the intent of the Parties and this Agreement that all payroll taxes withheld shall be paid and remitted to tax authorities, as required by law. Neither Party shall be responsible to the other with respect to the tax consequence of any payments under this Agreement. As a precondition of any payments to Claimants under this Agreement, all Claimant(s) must provide Defense Counsel with the IRS Forms outlined in Section III.G.

J.      The Service Payments made pursuant to this Agreement shall not be subject to payroll withholdings and shall be reported and included in IRS Form 1099, "box 3," to each Class Representative, Ashley Chang, and Justin Hsieh. Neither Party shall be responsible to the other with respect to the tax consequence of any such Service Payments.

K.      Defendants make no representation as to the tax treatment or legal effect of any payments, including but not limited to Wage Awards or Service Payments, called for under this Agreement. The Class Representatives, Pre-Settlement FLSA Opt-In Plaintiffs, FLSA Opt-In Claimants, and Maryland Opt-In Claimants are not relying on any statement or representation by Defendants in this regard.

16

L.      Class Representatives, Pre-Settlement FLSA Opt-In Plaintiffs, FLSA Opt-In Claimants and any Maryland Opt-In Claimants agree that no portion of the amounts paid by Defendants is related to any claims of sexual harassment or abuse pursuant to Section 13307 of the Tax Cuts and Jobs Act of 2017.

M.      In the event the Court fails to enter a Preliminary Approval Order or a Final Approval Order in substantially the same format as agreed to by the Parties or in the event that any objector successfully appeals any material part of such Order or Orders, the Civil Action will resume as it existed on September 23, 2020 unless the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement. If a mutually agreed class settlement is not approved, the case will proceed as if no settlement had been attempted, and Defendants retain all rights and defenses in the Civil Action, including to contest whether this case should be maintained as a collective and/or class action and to contest the merits of any claim being asserted by Plaintiffs. In such a case, the Parties will request from the Court a scheduling order which shall, among other things, propose dates for completion of discovery, and the filing of motions, including motions with respect to certification and decertification of any class.

N.      All Parties will be bound by the terms and conditions of this Settlement Agreement, the Final Approval Order, the judgment, and the releases set forth herein to the full extent permitted by law, except the terms and conditions of this Settlement Agreement, the Final Approval Order, the judgment, and the releases set forth herein shall not apply to those individuals who both opt out of the settlement pursuant to ¶ VI.H. and do not participate as Maryland Opt-In Claimants. Additionally, no individual who is a member of the FLSA Wage Class and who fails to file a Settlement Claim and Release Form shall be subject to a defense of res judicata as to claims under the FLSA. Finally, all objections will be deemed to have been waived as to the fairness, reasonableness, and adequacy of the settlement, unless a timely objection is filed with the Court by a Claimant.

IV.   **ATTORNEYS' FEES AND COSTS OF CLASS COUNSEL**

A.   As additional consideration for each Class Representative's execution of this Settlement Agreement, Defendants agree to pay the reasonable attorneys' fees and costs incurred by Class Counsel in representing the Class Representatives, Pre-Settlement FLSA Opt-In Plaintiffs, the FLSA Opt-In Claimants, and the Maryland Wage Class Members with respect to this Lawsuit. The payment of reasonable attorneys' fees and costs shall occur, as follows, under either of the following options:

1.   Litigation of Fees and Costs: The Parties agree that the within fifteen (15) days of Final Approval Order, the Class Representatives may file, on behalf of themselves, the FLSA Opt-In Plaintiffs and the Maryland Wage Class, a Motion for Attorneys' Fees and Costs incurred in representing themselves, the FLSA Opt-In Plaintiffs and the Maryland Wage Class, in the Civil Action, pursuant to the Federal and Local Rules of Civil Procedure, for the purpose of allowing the Court to make a final resolution of the demands for attorneys' fees and costs. The Defendants will, within the time permitted by the Local Rules, have an opportunity to respond to said Motion(s), and to the extent that they desire to do so, oppose some or all of the relief requested by the Class Representative. To the extent permitted by the Local Rules, the Class Representatives, on behalf of themselves, the Pre-Settlement FLSA Opt-In Plaintiffs, the FLSA Opt-In Claimants and the Maryland Wage Class Members, may then file a brief in reply to Defendants' opposition(s), if any.  Based on the submissions by the Parties, the Court will decide the appropriate reasonable fees and costs, if any, to be awarded (the "Fee Determination"). The Parties agree that the outcome of any proceeding relating to the Motion for Attorneys' Fees and Costs shall not terminate this Settlement Agreement or otherwise affect the Court's ruling on approval of the Settlement Agreement.

For purposes of this paragraph of the Settlement Agreement, the Parties agree that the Plaintiffs are deemed to be the prevailing parties for purposes of this Civil Action and under the attorney fees and cost provisions of the FLSA, MWHL, and MWPCL, and Defendants waive any defense that a judgment is a necessary predicate or condition to the Court's ability to enter a Fee Determination and/or to the payment of attorneys' fees and costs under the FLSA, MWHL, and the MWPCL, and Defendants agree to be estopped if they take any contrary position subsequent to the approval of this Settlement Agreement with by the Court.

  2. <u>Private Negotiation and Agreement</u>: At any time after the signing of this Settlement Agreement by all Parties but before the filing of the Joint Motion for Order for Final Certification of the Rule 23 Settlement Classes and Final Approval of the Settlement Agreement, and to the extent that they deem it desirable, the Parties may enter into an agreement concerning the payment of attorneys' fees and costs, and the terms in which that payment would be made. If the Parties negotiations successfully result in an agreement between the Parties regarding attorneys' fees and costs, Counsel for the Parties are authorized by their respective clients to enter into a writing memorializing the terms of any such agreement, which shall be incorporated by reference within and considered part of this Settlement Agreement. Counsel for the Parties shall include any such Agreement regarding attorneys' fees and costs to the Court as part of the Court's Order for Final Certification of the Rule 23 Settlement Classes and Final Approval of the Settlement Agreement.

  B. In the event that the Court enters a Fee Determination pursuant to sub-paragraph IV.A.1., the Defendants shall pay said fees and costs within the time frame ordered by the Court.

All payments for attorneys' fees and costs shall be made payable to "Hoffman Employment Law, LLC" and/or "Rubin Employment Law Firm, P.C." Class Counsel shall, prior to payment of the attorneys' fees and costs, provide Defendants' counsel with an executed IRS Form W-9 on behalf of Hoffman Employment Law, LLC and Rubin Employment Law Firm, P.C., so the Defendants may issue an IRS Form 1099 reflecting all payments to Hoffman Employment Law, LLC and Rubin Employment Law Firm, P.C.

## V.  **PRELIMINARY COURT APPROVAL OF SETTLEMENT**

A.      On or before January 19, 2021, Class Counsel and Defense Counsel will submit to the Court (a) this Agreement (fully executed) with Exhibits, and (b) a Joint Motion for an Order Preliminarily Approving the Settlement Agreement, Conditionally Certifying the Rule 23 Wage Class and Certifying the FLSA Wage Class. The first draft of this Joint Motion will be completed by Class Counsel with the approval and contribution of Defense Counsel. In this Joint Motion, the parties will respectfully request that the Court enter an order: (1) preliminarily approving the settlement reached by the Parties in this action as embodied in this Settlement Agreement; (2) approving the Notice of Wage/Hour Class Action Settlement, Settlement Hearing, and Claims Procedure ; (3) approving the Settlement Claim and Release; (4) appointing Simpluris, Inc. as the Claims Administrator; (5) certifying the FLSA Wage Class for purposes of settlement only; and (6) preliminarily certifying the Maryland Wage Class for purposes of settlement only.

B.      If the Court denies the Joint Motion for an Order Preliminarily Approving the Settlement Agreement, Conditionally Certifying the Maryland Wage Class and Certifying the FLSA Wage Class, unless the Parties jointly agree to seek reconsideration of the ruling or to seek Court approval of a renegotiated settlement, the litigation will resume as if no settlement had been attempted.

## VI.     **DISTRIBUTION OF APPROVED PROPOSED CLASS SETTLEMENT NOTICES**

A.     Within ten (10) business days of the Court's entry of the Preliminary Approval Order, Defense Counsel will provide the Claims Administrator with a list, in electronic form, of the names, last known addresses and mobile phone number (if available) of all Class Members. At the same time that Defense Counsel provides this information to the Claims Administrator, a copy will be provided to Class Counsel.

B.     Within ten (10) business days after the information outlined in ¶VI.A. is provided to the Claims Administrator, the Claims Administrator will mail and text a link to the Proposed Class Settlement Notice ("Notice"). Specifically, one Notice and a Settlement Claim and Release Form (Exhibit A) will be mailed (using each individual's last known address) and a link to these documents will be texted (if a mobile number is available) to Class Members.

C.     The Claims Administrator will conduct an address trace on all notices that are returned undeliverable. The Claims Administrator will resend the Notices to all updated addresses obtained through the trace.

D.     The Claims Administrator shall accept a Settlement Claim and Release via email, facsimile, or by other electronic means, and shall maintain an email and facsimile number throughout the opt-in period. The signature and execution of the Settlement Claim and Release Form by any Class Member may be evidenced by facsimile, photocopy, or electronic transmission and such signature and execution shall be deemed to constitute the original signature of the party. Signatures may be made and delivered electronically to the fullest extent permitted under the Maryland Uniform Electronic Transactions Act, Md. Ann. Commercial Law § 21-101, *et seq*. Class Counsel may submit a Settlement Claim and Release Form on behalf of a Class Member, provided it is signed by the Class Member.

21

E.      Maryland Wage Class Members and/or FLSA Wage Class Members will have sixty (60) days from the date that the Claims Administrator mails the Notice and Claim Form (with Release) to file a claim by completing, signing, and dating the Settlement Claim and Release Form and returning it to the Claims Administrator so that it is postmarked by the deadline, and actually received within seven (7) days of the deadline. The Claim filing period will increase by 15 days for any Maryland Wage Class Members and/or FLSA Wage Class Members whose Notices are re-issued as a result of the Claims Administrator obtaining an updated address through the trace referenced in Paragraph VI.C. To be eligible for any payments under this Settlement Agreement, each Claimant must meet the time deadlines outlined in this Paragraph. TIME IS OF THE ESSENCE. Any disputes over whether a Settlement Claim and Release Form has been returned by the deadline may be submitted and decided by the Court using the procedures outlined in Section VI. Paragraph H., below.

F.      At the end of the notice period outlined herein, the Claims Administrator shall promptly, but no later than within five (5) business days, notify and email copies of each Settlement Claim and Release Form to Class Counsel and Defense Counsel.

G.      Claim Calculation and Dispute Procedure

1.      In accordance with the timeframe outlined in ¶ III.E, Class Counsel shall provide Defense Counsel with the amounts calculated for each potential Claimant under the formulas set forth in ¶ III.B.1 and III.B.2, as calculated by the expert retained by Class Counsel.

a. In the event of a dispute between Class Counsel and Defendants regarding the amount of damages owed to a particular Class Member under the terms of this Agreement including, but not limited to disputes over the accuracy of the

22

completeness of hour of work and/or wage payment records, the Parties shall engage in good faith negotiations to resolve the reason(s) for any such difference. If the Parties cannot resolve their differences within five (5) business days from the date in which Class Counsel first transmitted their calculations to Defense Counsel, the Parties shall initiate binding and non-appealable procedures to obtain a Court determination as to the amount of damages, according to the formulas set forth in paragraph III.B.1 and III.B.2.

b. All disputes over any amount to be paid to any Claimant shall be submitted to a Magistrate Judge assigned by Judge Paul M. Grimm: (1) For each Claimant at issue, Class Counsel shall file a paper, in letter format not exceeding two pages in length single-space, addressing the factual and legal merits of the dispute, attaching all relevant evidence, and requesting the Court to approve Class Counsel's calculations; (2) within five (5) business days, Defense Counsel shall file a response in letter format, not exceeding two pages in length single-space for each Claimant at issue, addressing the factual and legal merits of the dispute, attaching all relevant evidence, and requesting the Court to approve Defense Counsel's calculations (or no amount at all, as the case may be). The Court shall review the submissions by the parties, determine the payment amount, and notify the parties of its decision.

H.     Opt-Outs by FLSA Wage Class Members and Maryland Class Member:   Any Maryland Wage Class Member may request exclusion from the settlement by "opting out." Class Members who choose to "opt-out" must submit a written and signed request for exclusion to the Claims Administrator. To be effective, such opt-out statements must be sent via First Class United

States mail and postmarked by a date certain to be specified on the Notice of Wage/Hour Class Action Settlement, Settlement Hearing, and Claims Procedure, which will be sixty (60) calendar days after the Claims Administrator makes the initial mailing of the Notice.  Moreover, the opt-out statement must actually be received within sixty-seven (67) calendar days after the Claims Administrator makes the initial mailing of the Notice. The end of this "Opt-Out Period" shall be sixty (60) days after the last day on which the Claims Administrator makes the initial mailing under VI.B. The Claims Administrator shall stamp the postmark date on the original of each opt-out statement that it receives and shall email copies of each Statement to Class Counsel and Defense Counsel, together with the envelope in which it was received, not later than three (3) business days after receipt thereof.  The Claims Administrator shall, within three (3) business days after the end of the Opt-Out Period, send a final list of all Opt-Out Statements to Class Counsel and Defense Counsel by email.  Within five (5) business days after Class Counsel receives a copy of any Opt-Out Statement from the Claims Administrator, Class Counsel shall file the Opt-Out Statement with the Court.

> I.    A Settlement Claim and Release Form shall be considered deficient if it lacks a legible name, legible address, or signature.  If any Maryland Wage Class Member and/or any FLSA Wage Class Member timely submits a deficient copy of the Settlement Claim and Release Form, then, within three (3) calendar days of the Claims Administrator's receipt of such Settlement Claim and Release Form, the Claims Administrator shall send by first class mail, text, and email (if an email has been provide by the Claimant) a notice to such Claimant informing him or her of the deficiency and that he or she has until the later of (1) the conclusion of the sixty (60) day period provided in ¶ VI.E., or (2) ten (10) calendar days to cure the deficiency.

24

The Claims Administrator will also copy via email Class Counsel and Defense Counsel with any such notices of deficiency. A response from the Claimant must be in writing and must be postmarked, mailed and received within the time set forth above in order to be considered a timely response. Any responses that are not timely shall not be considered, and the deficient Settlement Claim and Release Form shall be null and void and shall not be accepted or processed.

J.      Any Maryland Wage Class Member, excluding only the Class Representatives and the Pre-Settlement FLSA Opt-In Plaintiffs, wishing to object to the approval of this Settlement ("Objecting Class Member") shall inform the Court and the Parties in writing of his or her intent to object to the Settlement. The written submission must be filed in the Court and postmarked and mailed to Class Counsel and Defense Counsel within sixty (60) calendar days after the date Notice is mailed to the Claimant, and must state the basis of the objection. If any Objecting Class Member wishes to be heard at the Final Fairness and Approval Hearing, that Class Member's written submission must state their intention to do so. Any Maryland Wage Class Member or any FLSA Wage Class Member who fails to timely file and serve such a written statement of his or her intention to object shall be foreclosed from making any objection to this Settlement, unless otherwise ordered by the Court. Either Party's Counsel may file any response to the objections submitted by any Objecting Class Member(s) at least fourteen (14) calendar days before the date of the Final Fairness and Approval Hearing. Any Maryland Wage Class Member or FLSA Wage Class Member who has submitted an opt-out letter may not submit objections to the settlement, unless otherwise permitted by law.

25

K.      Class Settlement Approval Procedures

1.      Not later than twenty-one (21) calendar days before the Fairness Hearing, the Parties will submit a Joint Motion for Order for Final Certification of the Rule 23 Settlement Classes and Final Approval of the Settlement Agreement. The first draft of the Joint Motion for Order for Final Certification of a Rule 23 Settlement Class and Final Approval of Class and Collective Action Settlement Agreement will be completed by Class Counsel with the approval and contribution of Defense Counsel. The Fairness Hearing shall be held on a date to be set by the Court.

2.      At the Fairness Hearing, the Parties will request that the Court issue a Final Approval Order containing all of the following:

  i.   Certifying the Maryland Wage Class pursuant to Fed.R.Civ.P. 23;

  ii.  Granting final approval of this Settlement Agreement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

  iii. Dismissing the Civil Action on the merits and with prejudice and permanently barring all Maryland Wage Class Members and FLSA Opt-In Claimants, including Class Representatives and Pre-Settlement FLSA Opt-In Plaintiffs, and excluding only those Maryland Wage Class Members who timely opt-out from this Agreement, from prosecuting against any of the Defendants any of the Released Claims, and issuing an Order to that effect; and

  iv.  Retaining jurisdiction to enforce the terms of the settlement and/or to decide contested fees and costs of Class Counsel; and

        v.  Any other relief requested in the Parties' jointly filed Final Approval

Order.

L.     Notice and Objection Procedure for Motion for Attorneys' Fees and Costs.

      1.    Notice. If the Parties reach a negotiated resolution to attorneys' fees and costs, the Claims Administrator shall mail or cause the Notice of Class Counsel's Motion for Attorneys' Fees and Costs (in the form attached as Exhibit B) to be mailed by First-Class Mail to all eligible Maryland Wage Class Members and FLSA Opt-In Claimants on the same date the Parties file the Joint Motion for Order for Final Certification. If attorneys' fees and costs remain contested, the Claims Administrator shall mail or cause the Attorneys' Fees and Costs Notice to be mailed by First-Class Mail to all eligible Maryland Wage Class Members and FLSA Opt-In Claimants upon the filing of a contested Motion for Attorneys' Fees and Costs.

      2.    Objection. Any Maryland Wage Class Member who has not opted-out and any FLSA Opt-in Claimant may comment on or object to any Motion for Attorneys' Fees and Costs. Maryland Wage Class Members or FLSA Opt-In Claimants who choose to object must submit a written and signed statement that is filed with the Clerk of the Court and served on Class Counsel and Defense Counsel. To be effective, such opt-out statements must be sent via First Class United States mail and postmarked by a date certain to be specified on the Notice of Class Counsel's Motion for Attorneys' Fees and Costs, and actually received within seven (7) days of the date certain.

## VII.   **PAYMENTS HEREUNDER**

A.     No amount shall be paid to any Class Representative, Pre-Settlement FLSA Opt-In Plaintiff, FLSA Opt-In Claimant, or Maryland Opt-In Claimant until all final Court approvals contemplated under this Agreement and the expiration and exhaustion of any appeals have occurred. The statement above notwithstanding, a dispute regarding the amount of attorneys' fees or costs shall not otherwise delay distributions to the Claimants.

B.     A Qualified Settlement Fund to be designated the *Charles Chang* Qualified Settlement Fund ("QSF") will be established and maintained. The Claims Administrator will serve as the administrator of the QSF in accordance with the terms of this Agreement and any Order of the Court. The monies to establish, maintain, and fund the QSF will come exclusively from the Defendants in accordance with the terms of this Agreement.  All payments required under this Agreement to Claimants will be made from the QSF.

C.     Within twenty (20) business days after the entry of the Final Approval Order, or twenty (20) business days after the expiration and exhaustion of any appeals have passed, whichever date occurs later, and provided that Claimant(s) have provided the Claims Administrator with the IRS Forms outlined in Section III.G., the Claims Administrator shall thereafter deliver to Class Counsel checks drawn on a United States bank and payable to each of the Claimants, in United States Dollars, in the total amounts payable to each Claimant.  Notwithstanding this paragraph, the Claims Administrator  shall pay all non-resident aliens residing outside of the United States (as identified by Class Counsel to Defense Counsel and the Claims Administrator) via international wire transfer, and cover the cost of doing so, if requested by Class Counsel. Class Counsel shall, on behalf of all non-resident aliens requesting payment via international wire transfer, provide the

Claims Administrator with all necessary wire transfer information, such as banking institution and account information, when making such a request.

D.    Consistent with paragraph IV., attorneys' fees and costs are to be approved by the Court with the timing of payment by Defendants to be approved or determined by the Court.

E.    Except as agreed to herein, all checks issued pursuant to this Agreement shall be good for one hundred and eighty (180) calendar days. At the conclusion of this period, if any checks are not cashed during this period, the checks will become the property of, and the funds will revert to, the Defendants. If a check is lost, damaged or destroyed, the Claims Administrator shall reissue the check but may deduct fifty dollars ($50) from the check to cover out of pocket and administrative expenses incurred in stopping payment and reissuing the check. All requests for a check to be reissued must be made no later than one hundred and eighty (180) calendar days after the original check was issued. A reissued check shall be good for a period of sixty (60) calendar days from the date of the reissued check or one hundred and eighty (180) calendar days from the date of the original check that was issued to that Claimant, whichever occurs later.

F.    The QSF will terminate 30 days after the last obligation specified under this Agreement has been fulfilled and any remaining funds will revert to Defendants.

## VIII. **RELEASE**

A.    <u>Release of Claims — Maryland Opt-In Claimants and FLSA Opt-In Claimants</u>. By operation of this Agreement and except as to such rights or claims as may be created by this Agreement, the Class Representatives on behalf of each Maryland Opt-In Claimant and each FLSA Opt-In Claimant, hereby irrevocably and unconditionally forever and fully releases and covenants not to sue Defendants and/or the Released Parties from any and all past and present wage-related disputes, matters, claims, demands, and causes of action, of any kind whatsoever, whether at

29

common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law related to any wage related disputes and claims, including but not limited to those arising from or related to any claims arising under the Federal Fair Labor Standards Act ("FLSA''), 29 U.S.C. § 201 *et seq.,* the Maryland Wage/Hour Law ("MWHL"), Md. Ann. LE art. § 3-401 *et seq.,* the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Ann. LE art. § 3-501 *et seq.,* the Montgomery County (Maryland) Minimum Wage Law, Chapter 27, Article XI of the Montgomery County Code, the Virginia Minimum Wage Act, Va. Code § 40.1-28 *et seq.*, Virginia Wage Payment Act, Va. Code § 40.1-29, and common law claims of unjust enrichment and/or conversion which any such Maryland Opt-In Claimant, FLSA Opt-In Claimant, or Class Representative has or might have, known or unknown, of any kind whatsoever arising from the beginning of time through September 25, 2020, of this Agreement (with the exception of any worker's compensation claims and unemployment claims) arising out of any wage-related acts or omissions that were raised or could have been raised in the Civil Action (the "Wage-Related Claims").

      B.    Release of Claims — Class Representative and Pre-Settlement FLSA Opt-In Plaintiffs. By operation of this Agreement and except as to such rights and claims as may be created by this Agreement, each Class Representative and each Pre-Settlement FLSA Opt-In Plaintiffs hereby irrevocably and unconditionally forever and fully release and covenant not to sue Defendants and/or the Released Parties for any and all of the Wage-Related Claims (as defined in ¶ VIII.A. and any and all related retaliation claims)) and/or from any and all past and present disputes, matters, claims, demands, and causes of action of any kind whatsoever whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which Class Representative or Pre-Settlement

30

FLSA Opt-In Plaintiffs have or might have, known or unknown, of any kind whatsoever, arising from the beginning of time through September 25, 2020 (with the exception of any workers compensation claims and unemployment claims) (the "Class Representative and FLSA Opt-In Plaintiffs Released Claims"). Class Representatives will sign this Agreement on behalf of themselves, the Pre-Settlement FLSA Opt-In Plaintiffs, the FLSA Opt-In Claimants, the Maryland Opt-In Claimants, and the Maryland Wage Class.

C.     Release of Claims — Non-Opt-In Maryland Wage Class Members and Maryland Wage Class Bar. By operation of this Agreement and except as to such rights or claims as may be created by this Agreement, Class Representatives on behalf of each Non-Opt-In Claimant of the Maryland Wage Class, hereby irrevocably and unconditionally forever and fully releases and covenants not to sue Defendants and/or the Released Parties from any and all past and present Maryland state law wage-related disputes, matters, claims, demands, and causes of action, of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law related to any wage related disputes and claims including, but not limited to, those arising from or related to any claims arising under the Maryland Wage/Hour Law ("MWHL"), Md. Ann. LE art. § 3-401 *et seq.,* the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Ann. LE art. § 3-501 *et seq.,* the Montgomery County (Maryland) Minimum Wage Law, Chapter 27, Article XI of the Montgomery County Code, and common law claims of unjust enrichment and/or conversion which any such Non-Opt-In Claimant of the Maryland Wage Class has or might have, known or unknown, of any kind whatsoever arising from the beginning of time through September 25, 2020 (with the exception of any workers compensation claims and unemployment claims) arising out of any wage-related acts or omissions that were raised or could have been raised in the Civil Action. By operation of this

31

Agreement and except as to such rights or claims as may be created by this Agreement, the Class Representatives, on behalf of each Maryland Wage Class Member of the Maryland Wage Class who does not submit a timely opt-out letter, irrevocably and unconditionally forever and fully releases and covenants not to sue Defendants and/or the Released Parties from any and all past and present Maryland state law based wage-related disputes, matters, claims, demands, and causes of action, of any kind whatsoever, whether at common law, or pursuant to state statute, ordinance, or regulation including, but not limited to, those arising from or related to any claims arising under the Maryland Wage/Hour Law ("MWHL") Md. Ann. LE art. § 3-401 *et seq.,* and/or the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Ann. LE art. § 3-501 *et seq.,* which any such Opt-In Claimant or Class Representative has or might have, known or unknown, of any kind whatsoever arising from the beginning of time through September 25, 2020 (with the exception of any workers compensation claims and unemployment claims) arising out of the wage-related acts or omissions that were raised or could have been raised in the Civil Action (the "Non-Opt-In Maryland Wage Class Member Released Claims"). Any Maryland Wage Class Member who does not submit a timely opt-out letter will be deemed to have entered into this release and to have released the above-described claims against the Released Parties even if that Maryland Wage Class Member does not submit a Settlement Claim Release and Form.

D.     Release of Claims — Fees and Costs. Class Representative and Class Counsel understand and agree that the fees and costs approved or ordered by the Court will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of Plaintiffs in the Civil Action. Class Counsel warrants and promises that the amount to be paid to each Claimant shall not be subject to any deduction for attorneys' fees and costs. In exchange for Defendants' payment of attorneys' fees and costs, all Claimants, Class Counsel, and Class

Representative, on behalf of the Maryland Wage Class and each individual Class Representative, Pre-Settlement FLSA Opt-In Plaintiff, Maryland Wage Class Member, Maryland Opt-In Claimant, and FLSA Opt-In Claimant, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants and the Released Parties for attorneys' fees and costs associated with Class Counsel's representation of the Class Representative, the Maryland Wage Class Members, and/or the Opt-In Claimants, excepting any claims for Post-Judgment Costs as allowed in paragraph VI.D.

E.      No Assignment of Claims. Class Counsel, Class Representatives, Pre-Settlement FLSA Opt-In Plaintiffs, FLSA Opt-In Claimants, and Maryland Opt-In Claimants represent and warrant that they have not assigned or transferred, or purported to sign or transfer, to any person or entity, any claim or any portion thereof or interest therein including, but not limited to, any interest in the Civil Action, or any related action.

F.      Effect of Opt-In. Any Class Member who completes a Settlement Claim and Release Form  is deemed to have opted into all subclasses that may be applicable to him/her.  No Class Member may opt into one subclass and opt out of another subclass.

G.      Effect of Opt-Out. Any Maryland Wage Class Member who submits a timely opt-out letter will not be deemed to have entered into this Agreement or otherwise release any claims that have been asserted, or could have been asserted, in this Civil Action. Nor shall any opt-out Maryland Wage Class Member benefit from any tolling of the statute of limitations based on the filing of, this Civil Action.

H.      Class Representatives and Claimants acknowledge that in the absence of this Agreement, they would not be entitled to any of portion of the consideration provided to them or on paid on their behalf, pursuant to this Agreement, as a right incident to their employment or otherwise.

Defendants acknowledge that in the absence of this Agreement, including but not limited to the terms contained herein in paragraphs in ¶¶ VIII.A., VIII.B., VIII.C., and VIII.D. they would not be entitled to any release, including a release of attorneys' fees and costs. Only because of the Parties entering into this Agreement, this Agreement becoming effective and the Parties continued compliance with all of its provisions are the Parties entitled to receive and retain the benefit of their bargain.

I.      It is expressly understood that the releases provided under paragraphs in ¶¶ VIII.A., VIII.B., VIII.C., and VIII.D. are contractual in nature and not a mere recital. The Class Representatives and Claimants expressly understand and acknowledge that it is possible that unknown losses or claims exist or that present losses may have been underestimated in amount or severity, and they explicitly took this into account in determining the amount of consideration to be obtained for the giving of the releases and entering into this Agreement, and a portion of said consideration having been bargained for between the Parties with the knowledge of the possibility of such unknown claims, was given in exchange for full accord, satisfaction and discharge of all such claims.

J.      The releases provided under paragraphs in ¶¶ VIII.A., VIII.B., VIII.C., and VIII.D. do not preclude any Party to this Agreement from seeking any other relief in accord with this Agreement or from filing a lawsuit for the purpose of enforcing their contractual rights under this Agreement.

## IX.    PARTIES' AUTHORITY

A.      The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties to the terms and conditions hereof.

B.      All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement,

and that this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

C.      The Notice of Wage/Hour Class Action Settlement, Settlement Hearing, and Claims Procedure will advise all Maryland Wage Class Members that unless they timely and properly opt-out of the Agreement, they will be bound by the covenants and releases contained in this Agreement.

## X.      **MUTUAL FULL COOPERATION**

A.      The Parties and their counsel agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and taking such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement. The Parties agree to a time line for submittal to the Court of all necessary papers, including but not limited to approval papers, understanding that they will begin and complete the process in a reasonable, practicable, and expeditious mariner and so as to facilitate the approval, notice, and payment schedule in a timely and workable manner. The Parties anticipate a schedule that will require six (6) to eight (8) months for completion of initial papers, preliminary approval, plan and notice, opt-outs and fairness hearing. The Parties will move expeditiously to accomplish such schedule, as time is of the essence.

B.      The Parties will execute all documents necessary for settlement intended under this Agreement.

## XI.     **NOTICES**

Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given

as of the third business day after mailing by United States regular and registered or certified mail, return receipt requested, addressed as follows:

**Class Counsel:**

Howard B. Hoffman, Esq.
Jordan S. Liew, Esq.
Hoffman Employment Law LLC
600 Jefferson Plaza, Suite 204
Rockville, Maryland 20852
(301) 251-3752

-and-

James Edward Rubin, Esq.
The Rubin Employment Law
Firm, P.C.
600 Jefferson Plaza, Suite 204
Rockville, Maryland 20852
(301) 760-7014

**Defense Counsel:**

James R. Hammerschmidt, Esq.
Scott A. Mirsky, Esq.
Paley, Rothman, Goldstein, Rosenberg,
 Eig & Cooper, Chartered
4800 Hampden Lane, Sixth Floor
Bethesda, Maryland 20814
(301) 656-7603

## XII.  MODIFICATIONS

A.     This Agreement and its attachments and exhibits may not be changed, altered, or modified, except in writing, signed by the Parties hereto, and approved by the Court.

## XIII.  ENTIRE AGREEMENT

A.     This Agreement and its attachments and exhibits constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement. In the event of any conflict between this Agreement and any other document, the Parties intend that this Agreement shall be controlling.

## XIV.  CHOICE OF LAW | JURISDICTION

A.     This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Maryland, both in its procedural and

substantive aspects, and shall be subject to the continuing exclusive jurisdiction of the United States District Court for the District of Maryland. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any Party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

## XV.   **COUNTERPARTS**

A.     This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. Any signature made and/or transmitted by facsimile, DocuSign® or PDF for the purpose of executing this Settlement Agreement, or for the purpose of executing a Settlement Claim and Release Form, shall be deemed to be an original signature and shall be binding upon all Parties, it being the intent of all Parties that signatures made and delivered electronically of this Settlement Agreement by any party, and/or the Settlement Claim and Release Form, shall be deemed to be an original signature and binding upon all Parties, to the fullest extent permitted under the Maryland Uniform Electronic Transactions Act, Md. Ann. Commercial Law § 21-101, *et seq.*

## XVI.  **POWER TO VOID THE AGREEMENT**

A.     Grounds for Voiding Settlement. This Agreement is void if the Court denies this Agreement and/or refuses to grant a Preliminary Approval Order and/or Final Approval Order for any reason at all, and all Parties waive any right to appeal the Court's denial of this Agreement based on fairness, reasonableness, or adequacy. Either Party may void this Agreement if: (i) the Court declines to enter, in the form submitted by the Parties as contemplated by this Agreement (or any amended version agreed upon by the Parties), the Preliminary Approval Order or the Final Approval

Order; or (ii) there is a breach of the terms of this Agreement before the Final Approval Order, and the non-breaching Party moves for appropriate relief from the Court.

B.      If this Agreement is not approved or is voided, then there shall be no prejudice due to a lapse of time to either side and the Parties may proceed with litigation as it existed on September 23, 2020.

C.      Neither this Agreement, nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the Civil Action or any other action for any purpose whatsoever.

IN WITNESS WHEREOF, the parties have executed, acknowledged and sealed and delivered this Agreement this 11th day of January 2021.

**PLAINTIFFS:**

| | |
|---|---|
| CHARLES CHANG, individually and as a Class Representative | 1/15/2021 _____<br>Date |
| WON SONG, individually and as a Class Representative | _____<br>Date |
| DONGXIONG ZHU, individually and as a Class Representative | _____<br>Date |
| ASHLEY CHANG | _____<br>Date |
| JUSTIN HSIEH | _____<br>Date |
| RYAN CHO | _____<br>Date |

DocuSign Envelope ID: 0DFB0BFF-18AD-4F93-AA9D-B2914424E112

Order; or (ii) there is a breach of the terms of this Agreement before the Final Approval Order, and the non-breaching Party moves for appropriate relief from the Court.

      B.     If this Agreement is not approved or is voided, then there shall be no prejudice due to a lapse of time to either side and the Parties may proceed with litigation as it existed on September 23, 2020.

      C.     Neither this Agreement, nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the Civil Action or any other action for any purpose whatsoever.

      IN WITNESS WHEREOF, the parties have executed, acknowledged and sealed and delivered this Agreement this 11th day of January 2021.

**PLAINTIFFS**:

_____
CHARLES CHANG, individually and as a
Class Representative

Date _____

_____
WON SONG, individually and as a Class
Representative

Date 1/13/2021

_____
DONGXIONG ZHU, individually and as a
Class Representative

Date _____

_____
ASHLEY CHANG

Date _____

_____
JUSTIN HSIEH

Date _____

_____
RYAN CHO

Date _____

DocuSign Envelope ID: D68153FB-533A-40E5-A32B-D243EFD345C9

Order; or (ii) there is a breach of the terms of this Agreement before the Final Approval Order, and the non-breaching Party moves for appropriate relief from the Court.

      B.    If this Agreement is not approved or is voided, then there shall be no prejudice due to a lapse of time to either side and the Parties may proceed with litigation as it existed on September 23, 2020.

      C.    Neither this Agreement, nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the Civil Action or any other action for any purpose whatsoever.

      IN WITNESS WHEREOF, the parties have executed, acknowledged and sealed and delivered this Agreement this 11th day of January 2021.

**PLAINTIFFS**:

_____

CHARLES CHANG, individually and as a
Class Representative

Date _____

_____

WON SONG, individually and as a Class
Representative

Date _____

_____

DONGXIONG ZHU, individually and as a
Class Representative

1/13/2021

Date _____

_____

ASHLEY CHANG

Date _____

_____

JUSTIN HSIEH

Date _____

_____

RYAN CHO

Date _____

DocuSign Envelope ID: 16E8D074-BF7A-43EC-B088-DA4D65BFB8E7

Order; or (ii) there is a breach of the terms of this Agreement before the Final Approval Order, and the non-breaching Party moves for appropriate relief from the Court.

      B.     If this Agreement is not approved or is voided, then there shall be no prejudice due to a lapse of time to either side and the Parties may proceed with litigation as it existed on September 23, 2020.

      C.     Neither this Agreement, nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the Civil Action or any other action for any purpose whatsoever.

      IN WITNESS WHEREOF, the parties have executed, acknowledged and sealed and delivered this Agreement this 11th day of January 2021.

**PLAINTIFFS:**

_____
CHARLES CHANG, individually and as a
Class Representative

Date _____

_____
WON SONG, individually and as a Class
Representative

Date _____

_____
DONGXIONG ZHU, individually and as a
Class Representative

Date _____

DocuSigned by:
*A Chang*
ASHLEY CHANG

1/14/2021
Date _____

_____
JUSTIN HSIEH

Date _____

_____
RYAN CHO

Date _____

38

Order; or (ii) there is a breach of the terms of this Agreement before the Final Approval Order, and the non-breaching Party moves for appropriate relief from the Court.

B.      If this Agreement is not approved or is voided, then there shall be no prejudice due to a lapse of time to either side and the Parties may proceed with litigation as it existed on September 23, 2020.

C.      Neither this Agreement, nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the Civil Action or any other action for any purpose whatsoever.

IN WITNESS WHEREOF, the parties have executed, acknowledged and sealed and delivered this Agreement this 11th day of January 2021.

**PLAINTIFFS**:

_____        _____
CHARLES CHANG, individually and as a        Date
Class Representative

_____        _____
WON SONG, individually and as a Class       Date
Representative

_____        _____
DONGXIONG ZHU, individually and as a        Date
Class Representative

_____        _____
ASHLEY CHANG                                Date

_____        1/13/2021
JUSTIN HSIEH                                _____
                                            Date

_____        _____
RYAN CHO                                    Date

38

Order; or (ii) there is a breach of the terms of this Agreement before the Final Approval Order, and the non-breaching Party moves for appropriate relief from the Court.

      B.     If this Agreement is not approved or is voided, then there shall be no prejudice due to a lapse of time to either side and the Parties may proceed with litigation as it existed on September 23, 2020.

      C.     Neither this Agreement, nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the Civil Action or any other action for any purpose whatsoever.

      IN WITNESS WHEREOF, the parties have executed, acknowledged and sealed and delivered this Agreement this 11th day of January 2021.

**PLAINTIFFS**:

_____      _____
CHARLES CHANG, individually and as a     Date
Class Representative

_____      _____
WON SONG, individually and as a Class     Date
Representative

_____      _____
DONGXIONG ZHU, individually and as a     Date
Class Representative

_____      _____
ASHLEY CHANG     Date

_____      _____
JUSTIN HSIEH     Date

DocuSigned by:
*Ryan Cho*     1/15/2021
_____      _____
RYAN CHO     Date

38

─DocuSigned by:

*Max*

MAXWELL BURKE

1/13/2021

Date

**DEFENDANTS:**

**IRON AGE ROCKVILLE, LLC**

By: _____

     Hannah Sim

Date _____

**IRON AGE BALTIMORE, LLC**

By: _____

     Hannah Sim

Date _____

**IRON AGE ANNANDALE, LLC**

By: _____

     Hannah Sim

Date _____

**IRON AGE CENTREVILLE, LLC**

By: _____

     Hannah Sim

Date _____

MYUNG AE SIM

Date _____

HANNAH SIM

Date _____

39

_____     _____
MAXWELL BURKE                       Date


**DEFENDANTS**:

**IRON AGE ROCKVILLE, LLC**

By: _____        Jan, 15, 2021
    Hannah Sim                     Date

**IRON AGE BALTIMORE, LLC**

By: _____        Jan. 15, 2021
    Hannah Sim                     Date

**IRON AGE ANNANDALE, LLC**

By: _____        Jan. 15, 2021
    Hannah Sim                     Date

**IRON AGE CENTREVILLE, LLC**

By: _____        Jan. 15, 2021
    Hannah Sim                     Date


_____     _____
MYUNG AE SIM                        Date

_____        Jan. 15, 2021
HANNAH SIM                          Date

39

_____          _____
MAXWELL BURKE                               Date


**DEFENDANTS**:

**IRON AGE ROCKVILLE, LLC**

By: _____       _____
　　　Hannah Sim                             Date

**IRON AGE BALTIMORE, LLC**

By: _____       _____
　　　Hannah Sim                             Date

**IRON AGE ANNANDALE, LLC**

By: _____       _____
　　　Hannah Sim                             Date

**IRON AGE CENTREVILLE, LLC**

By: _____       _____
　　　Hannah Sim                             Date

_____           1 , 15 , 2021
MYUNG AE SIM                                 Date

_____           _____
HANNAH SIM                                  Date

39

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHARLES CHANG**, *et al.*, | * |
| *On behalf of themselves and* *All others similarly situated,* | * |
| | * |
| **Plaintiffs,** | * |
| | *     **Civil Case: 20-cv-0597 (PWG)** |
| **v.** | * |
| **IRON AGE ROCKVILLE, LLC**, *et al.*, | * |
| **Defendants.** | * |
| | * |

## CONSENT TO BE A PARTY PLAINTIFF/SETTLEMENT CLASS MEMBER IN SUIT AGAINST IRON AGE RESTAURANTS IN MARYLAND AND VIRGINIA

### *SETTLEMENT CLAIM AND RELEASE FORM*

You may be eligible for money if you are a Class Member and if you properly complete this "SETTLEMENT CLAIM AND RELEASE FORM" ("Release Form") and timely return it to the Claims Administrator identified below.

A Class Member is an individual who may participate in either or both of the following subclasses:

*Maryland Subclass: Servers Employed by an "Iron Age" Restaurant in **Maryland** between March 4, 2017 and March 4, 2020;*

AND/OR

*Virginia Subclass: Servers Employed by an "Iron Age" Restaurant in **Virginia** between October 16, 2017 and March 4, 2020.*

In order to be eligible to receive any portion of the settlement funds you MUST sign this Release Form and return it to the Claims Administrator, Simpluris, Inc., P.O. Box 26170, Santa Ana, CA 92799, Phone: (888) 369-3780, Fax: (714) 824-8591, Email: IronAgeRestaurantsAdmin@simpluris.com

If you are returning this Release Form by U.S. Mail, it must be postmarked on or before _____ 2021, and must be received by _____ , 2021.

2

If you are returning the Release Form in any manner besides U.S. Mail, such as hand-delivery, facsimile, or electronically, it must be received by _____, 2021.

If your Release Form is not returned in a timely manner as described above, you will not be eligible to receive any portion of the settlement funds.

For more information on the settlement and your rights, please see the attached NOTICE OF WAGE/HOUR CLASS ACTION SETTLEMENT, SETTLEMENT HEARING, AND CLAIMS PROCEDURE ("Notice").

By signing, dating, and returning the Release Form, you are confirming the release of claims set forth below (for further information, see the Notice). The Release Form must be personally signed by an eligible current or former employee who seeks to participate in the settlement or someone with a legal right to act on his/her behalf.

Be sure to make a copy of the signed Release Form for your records. It is your responsibility to keep a current address on file with the Claims Administrator. Please make sure to notify the Claims Administrator and Class Counsel of any change of address or other contact information. The contact information for the Claims Administrator is in Section V of the Notice and set forth below in paragraph II.

## I.      CONSENT TO JOIN

I understand that this lawsuit is being brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), and various other state laws. I hereby consent and agree to pursue any claims under the FLSA against Iron Age Rockville, LLC, Iron Age Baltimore, LLC, Iron Age Centreville, LLC, Iron Age Annandale, LLC, Myung Sim, Hannah Sim, and Kenny Kim (collectively referred to herein as "Defendants" or "Iron Age") by joining in the above-referenced lawsuit filed in the United States District Court for the District of Maryland, titled Charles Chang, *et al.* v. Iron Age Rockville, LLC, *et al.,* Case No. 8:20-cv-00597-PWG (the "Civil Action"), and I hereby opt-in to become a plaintiff in the Civil Action.

I understand that I do not have to sign this form and otherwise exercise the option to enter this case and seek compensation. Nevertheless, and being fully apprised of the right not to sign this form, I agree to exercise the option to enter this case as a Plaintiff (an "Opt-In Claimant"), to determine if I am due any compensation.

By opting into this case, I understand that I will be bound by an existing Settlement Agreement reached between the Class Representatives in this case and Iron Age. I understand that no attorneys' fees or costs will be taken from my recovery, and that the attorneys representing the class will be paid reasonable fees and costs, as actually incurred, by the Iron Age and as approved by the Court.

I understand that if I sign this Release Form and participate as an Opt-In Claimant in this case, I will have no right to separately sue the Defendants and/or the Released Parties for claims subject to this Release Form. I understand that any amounts owed to me are subject to a pre-

negotiated formula, and I waive all rights to a Jury trial and waive my right to appeal the amounts that may be paid to me under the Settlement Agreement.

I understand that I have the right to opt-out of this settlement. I understand that in order to properly opt-out of this settlement, I must submit a written and signed request for exclusion to the Claims Administrator. I understand that the opt-out letter must be sent via First Class United States mail, postmarked by _____, 202_, which is sixty (60) days after the mailing of the Notice, and received by the Claims Administrator by _____, 202__. I understand that if I submit an opt-out letter, I may not submit objections to the settlement, unless otherwise permitted by law.

If I am part of the subclass titled "Servers Employed by an "Iron Age" Restaurant in **Maryland** between *March 4, 2017 and March 4, 2020*," I understand that IF I DO NOTHING (by not signing this Release Form AND not submitting an opt-out letter), I will still have irrevocably and unconditionally forever and fully released my right to sue Defendants and/or the Released Parties from any and all past and present Maryland state law based wage-disputes, matters, claims, demands, and causes of action, of any kind whatsoever, whether at common law, or pursuant to state statute, ordinance, or regulation, including but not limited to those arising from or related to any claims arising under the Maryland Wage/Hour Law, the Maryland Wage Payment and Collection Law, and common law claims of unjust enrichment and/or conversion, which I might have.

If I am part of the subclass titled, *Servers Employed by an "Iron Age" Restaurant in* **Virginia** *between October 16, 2017 and March 4, 2020*, I understand that IF I DO NOTHING (by not signing this Release Form AND not submitting an opt-out letter), I will not release any substantive rights but I will not be entitled to any payments as part of this settlement and I will lose the benefits of any tolling of the statute of limitations as part of this settlement.

I understand that a copy of the Settlement Agreement may be sent to me, upon request and that I also have a right to review it at the law offices of the attorneys representing this class, and confidentially consult with them with respect to this matter. I understand the terms of the Settlement Agreement have been negotiated by the attorneys for the class and the attorneys for Iron Age, and I understand that in order to reach an agreement, the parties have compromised some or all of their claims and defenses that they otherwise would have raised in this case, if the case was a contested case.

By signing this Release Form, I certify that I understand that I shall be bound by this Release Form, that I am fully and completely satisfied with the Settlement Agreement, that I fully and completely understand how those terms apply to me, and that I agree to comply with the terms of the Settlement Agreement. I understand that I may, at my own expense, have a lawyer of my own choosing review the Settlement Agreement with me, but I understand and agree that the only lawyers who will represent me in this case are the lawyers representing the Class, Howard B. Hoffman, Esq., Jordan Liew, Esq. and James E. Rubin, Esq., and I hereby designate Howard B. Hoffman, Esq., Jordan Liew, Esq. and James E. Rubin, Esq., and their respective law firms and any other attorneys that they may designate as co-counsel in the representation of this matter, to represent me for all purposes in this action.

4

I understand that the Settlement Agreement does not permit the recovery of legal fees paid to lawyers, except for reasonable legal fees owed to Class Counsel, as negotiated between the parties and approved by the Court, or as determined by the Court.

I understand that any monies that I receive are subject to taxation and, depending upon final calculations, all or some portion of any monetary recovery is subject to appropriate payroll and other withholdings. I agree that if I have any questions regarding the taxation of any payment to me, I will consult an independent tax advisor at my own expense.

I understand that, by paying me a settlement amount in exchange for my opting into this lawsuit, the Defendants are not admitting that they acted wrongfully, willfully, or with any malice or intent. I understand that no one has won the lawsuit, but rather an agreement was reached to avoid the expense and time of going to Court to resolve any wage claim disputes. I finally understand and agree that there are no other prior or contemporaneous oral or written agreements or understandings concerning this matter, and I have not relied upon any such other agreements or understandings, except for the terms of the Settlement Agreement itself.

Finally, I understand that this settlement has been approved by the Class representative and my attorneys and has been preliminarily approved by the Court as being fair, adequate, and reasonable.

## II.   CERTIFICATION OF ENTITLEMENT TO PARTICIPATE IN CLASS(ES)

**By completing this Release Form, you certify in good faith that belong to one or both of the following subclasses:**

A.   I worked as a restaurant server between March 4, 2017 and March 4, 2020, at an Iron Age Restaurant in **Maryland**.

B.   I worked as a restaurant server between October 16, 2017 and March 4, 2020 at an Iron Age Restaurant in **Virginia**.

**By completing this Release Form, you understand and agree that you cannot participate in one subclass and not participate in, or opt-out out of, another subclass.**

## III.   QUESTIONS

I understand that if I have further questions with respect to this Civil Action or about this Notice, I may direct such questions to Class Counsel, James Rubin, Esq., Rubin Employment Law, LLC, 600 Jefferson Plaza, Suite 204, Rockville, Maryland 20852 (301-760-7914 or jrubin@rubinemploymentlaw.com). I further understand that I will not contact the Court, but may review the file of this Civil Action at U.S. District Court for the District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770, or on-line at www.pacer.gov.

## IV.   RELEASE OF CLAIMS

The release(es) below are applicable to respective members of the Maryland subclass and the Virginia subclass identified on the first page.  If you are members of both subclasses identified in Section II, then you are releasing claims applicable to <u>both</u> subclasses.

By signing below, I understand and acknowledge that I was employed by an Iron Age Restaurant as a server in Maryland between March 4, 2017 and March 4, 2020 and/or in Virginia between October 16, 2017 and March 4, 2020, and that by participating in this case and completing and timely returning this Release Form, I:

(A) Hereby irrevocably and unconditionally forever and fully release and covenant not to sue Defendants and/or the Released Parties (defined as Defendants and Kenny Kim, any and all of Defendants' owners, stockholders, predecessors, successors, assigns, agents, directors, officers, partners, employees, representatives, insurers, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under, or in concert with any of them, including any party that was or could have been named as a defendant in the Civil Action), from any and all past and present wage-related disputes, matters, claims, demands, and causes of action, of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law related to any wage related disputes and claims, including but not limited to those arising from or related to any claims arising under the Federal Fair Labor Standards Act ("FLSA''), 29 U.S.C. § 201 *et seq.,* the Maryland Wage/Hour Law ("MWHL"), Md. Ann. LE art. § 3-401 *et seq.,* the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Ann. LE art. § 3-501 *et seq.,* the Montgomery County (Maryland) Minimum Wage Law, Chapter 27, Article XI of the Montgomery County Code, the Virginia Minimum Wage Act, Va. Code § 40.1-28 *et seq.*, Virginia Wage Payment Act, Va. Code § 40.1-29, and common law claims of unjust enrichment and/or conversion which I have or may have, known or unknown, of any kind whatsoever arising from the beginning of time through September 25, 2020, of this Agreement (with the exception of any worker's compensation claims and unemployment claims).

(B) Hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that I may have against any of the Defendants and/or the Released Parties (as defined above in paragraph III.A), for attorneys' fees and costs associated with Class Counsel's representations of the Class Representative in connection with the Released Claims. I understand and agree that any fee payments approved by the Court will be the full, final, and complete payment of all attorneys' fees and costs associated with Class Counsel's representation for any wage claims held by me in connection with the Wage Class Released Claims.

I understand and acknowledge that this Release Form is intended to include in its effect all wage related claims as set forth above asserted in or arising from my employment with Iron Age or asserted in this case, including both asserted and un-asserted claims, and including those claims

that I do not know or suspect to exist in my favor against Iron Age. I further agree that this Release Form is binding upon my heirs, administrators, and legal representatives.


Signature: _____

Name: _____

Address: _____

City, State, Zip Code: _____

Phone/Email: _____

Date: _____


     This Release Form must be properly completed, signed, and returned to the Claims Administrator at the address below. If you return this Release Form via First Class United States mail, it must be postmarked by _____ 202__, and it must be received by_____ 202__. If you return this Release Form through any other means, i.e., hand-delivery, facsimile, or electronically, it must be received by , _____, 202_.

**Iron Age Claims Administrator**
**c/o Simpluris, Inc.**
**P.O. Box 26170**
**Santa Ana, CA 92799**
**Phone: (888) 369-3780**
**Fax: (714) 824-8591**
**Email: IronAgeRestaurantsAdmin@simpluris.com**

7

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHARLES CHANG,** *et al.*, | * |
| *On behalf of themselves and* *All others similarly situated,* | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| **v.** | * |
| | * |
| **IRON AGE ROCKVILLE, LLC,** *et al.*, | * |
| | * |
| **Defendants.** | * |
| | * |

**Civil Case: 20-cv-0597 (PWG)**

## NOTICE OF CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES AND COSTS

**To:**   Servers Employed by an "Iron Age" Restaurant in **Maryland** between *March 4, 2017 and March 4, 2020*

AND

Servers Employed by an "Iron Age" Restaurant in **Virginia** between *October 16, 2017 and March 4, 2020*.

This notice is being sent to you regarding the attorneys' fees and costs being sought in the case captioned **Charles Chang, et al. v. Iron Age Rockville, LLC, et al., Case No. 20-cv-0597 (PWG)**, filed in the United States District Court for the District of Maryland (the "Civil Action").

Based on information in Iron Age's records, you were previously identified as a class member who may be entitled to participate and receive a payment in the proposed settlement of claims asserted in the Civil Action. Furthermore, Class Counsel's records indicate that you have not filed a notice to opt out of the Civil Action. You are therefore receiving this notice of Class Counsel's Motion for Attorneys' Fees and Costs. Please read this Notice carefully.

This Notice is to inform you of Class Counsel's intention to file a Motion for Attorneys' Fees and Costs (the "Motion"), details regarding the amount of fees and costs sought, and your right to object to the Motion. As indicated in the previous notice, **NO CLASS MEMBER WILL INCUR OR BE CHARGED ATTORNEYS' FEES AND COSTS**. Instead, Class Counsel, through the Motion, seeks compensation in the form of an award of attorneys' fees and costs to be paid by Defendants. The amount of attorneys' fees and costs being sought by Class Counsel was determined through negotiations with the Defendants /OR/ will be determined by the Court following the actual filing of the Motion for Attorneys' Fees and Costs within fifteen (15) days of the Court's final approval of the proposed Settlement.

**I.**     **What is the amount of legal fees being sought by Class Counsel?**

Class Counsel is seeking $_____ in legal fees.

**II.**     **How many hours were involved in the course of performing as Class Counsel?**

Class Counsel, in total, worked _____ hours on this Civil Action.

Senior attorney James E. Rubin worked _____ total hours.

Senior attorney Howard B. Hoffman worked _____ total hours.

Associate attorney Jordan S. Liew worked _____ total hours.

**III.**     **What are the hourly rates sought by Class Counsel?**

Senior attorney James E. Rubin is seeking an hourly rate of $400/hour.

Senior attorney Howard B. Hoffman is seeking an hourly rate of $400/hour.

Associate attorney Jordan S. Liew is seeking an hourly rate of $215/hour.

**IV.**     **What are the total amount of costs sought by Class Counsel?**

Class Counsel is seeking $_____ in costs.  Costs are "out of pocket" expenses that Class Counsel has incurred in representing the Class.  Notable costs include the expense of experts to calculate losses for participating Class Members.

**V.**     **Deadline by which Class Members may file an objection with the Court concerning any proposed award of legal fees and costs.**

Class Members have the right to file an objection with the Court regarding the attorneys' fees and costs being sought, but must do so by _____, 2021.  Class Members who wish to file an objection should send their objection to the address below via First Class United States Mail, postage prepaid, and postmarked by _____, 2021

United States District Court
District of Maryland
Attn: Civil Case: 20-cv-0597 (PWG)
6500 Cherrywood Lane
Greenbelt, MD 20770

The objection need not be in any specific form; a short and simple statement of your objection is sufficient.  You do not need to be represented by counsel to object.  If you are represented by counsel, they must comply with all Rules of the United States District Court for the

District of Maryland.  If the Court holds a hearing on the issue of attorneys' fees and costs, you may attend, but it is not guaranteed the Court will hold a hearing.

## VI.    What If You Have Questions?

If you have questions about this Notice, or want additional information, you can contact Class Counsel at the phone numbers and addresses listed below:

James  Rubin, Esq.
The Rubin Employment Law Firm
600 Jefferson Plaza, Ste. 204
Rockville, Maryland 20852
(301) 760-7914 (tele)
jrubin@rubinemploymentlaw.com

Howard B. Hoffman, Esq.
Jordan S. Liew, Esq.
Hoffman Employment Law, LLC
600 Jefferson Plaza, Ste. 204
Rockville, Maryland 20852
(301) 251-3752 (tele)
(301) 251-3753 (fax)
hhoffman@hoholaw.com
jliew@hoholaw.com

**THIS NOTICE IS SENT TO YOU BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND. UNLESS FILING AN OBJECTION TO THE SETTLEMENT, PLEASE DO NOT CONTACT THE COURT.**

Date:_____        _____
                                                            Hon. Paul W. Grimm
                                                            United States District Court Judge