IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHARLES CHANG, et al** | * | |
| *On behalf of themselves and All others similarly situated* | * | |
| | * | |
| **Plaintiffs,** | * | |
| v. | * | Civil Case: 20-cv-0597 (PWG) |
| | * | |
| **IRON AGE ROCKVILLE, LLC** et al | * | |
| | * | |
| **Defendants** | * | |

## FINAL JUDGMENT APPROVING SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

Upon review and consideration of the Settlement Agreement filed on January 19, 2020 (the "Settlement Agreement"), by and between Plaintiffs, Charles Chang, Won Song, and, Dongxiong Zhu, (acting individually and on behalf of the Classes defined below - hereinafter referred to as "Class Representatives" or "Named Plaintiffs') and Defendants, Iron Age Rockville, LLC, Iron Age Baltimore, LLC, Iron Age Annandale, LLC, Iron Age Centreville, LLC, Myung Ae Sim, and Hannah Sim, (hereinafter referred to as "Defendants" and referred to collectively with the Named Plantiffs s the "Parties"), the memoranda and arguments of counsel, and the lack of any objections to the settlement,

**IT IS HEREBY ORDERED** and **ADJUDGED** as follows:

1. The Parties' Joint Motion for Order For Final Certification of the Rule 23 Class Settlement and Final Approval of the Settlement Agreement is **GRANTED.**

2. The Settlement Agreement (ECF Doc. 35-1) that resolves the Federal Fair Labor

Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), Maryland Wage/Hour Law ("MWHL"), Md. Ann. Code LE art. § 3-401 *et seq.* and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Ann. Code LE art. § 3-501 *et seq.* claims of the Class Representatives and those Class Members who filed a Settlement Claim and Release of Claims Form during certification of a Class Action is **APPROVED** as a reasonable and fair compromise of the FLSA, MWHL and MWPCL claims of the Class Representatives and those Class Members who filed a Settlement Claim and Release of Claims Form.

3. Furthermore, and pursuant to FED. R. CIV. P. 23, the Court approves the settlement of this action, and the terms of the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable, and adequate and in the best interest of the Class Representatives and Class Members in light of the factual, legal, practical and procedural considerations raised by this case. The Settlement Agreement is the product of good faith arms-length negotiations by the Parties, each of whom was represented by experienced counsel. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby adopted as an Order of this Court and becomes part of the final judgment in this action. In the event of a conflict between the text of this Order and the text of the Settlement Agreement, the text of the Settlement Agreement shall prevail.

4. For the purpose of settlement, as addressed further below, pursuant to FED. R. CIV. P. 23(a) and 23(b)(3), the Court hereby finally certifies the following Classes defined as follows:

(1) Maryland Class: Any and all current or former servers employed by an "Iron Age" Restaurant in Maryland between March 4, 2017 and March 4, 2020, who performed work as a server at an Iron Age restaurant in Maryland between March 4, 2017 and March 4, 2020, and who received hourly wages less than the then applicable Maryland State minimum wage ($8.75/hour from 3/4/17 to 6/30/17; $9.25/hour from 7/1/17 to 6/30/18; $10.10/hour from 7/1/18 to 12/31/19; and $11.00/hour from 1/1/20 to 3/4//20).

(2) Virginia Class: Any and all current or former servers employed by an "Iron Age" Restaurant in Virginia between October 16, 2017 and March 4, 2020, who performed work as a server at an Iron Age restaurant in Virginia between October 16, 2017 and March 4, 2020, and who received hourly wages less than the Federal minimum wage.

5. The Court finds that the notice previously given to Class Members is compliant with the Rule 23 Preliminary Approval Order dated February 12, 2021 (ECF Doc. 38) and constitutes the best notice practicable under the circumstances and satisfies the requirements of due process and FED. R. CIV. P. 23.

6. The Court finds that one Class Member, Taylor Vanzego-Hall, timely elected to opt-out from the settlement. (ECF. Doc. 43).

7. The Court appoints Charles Chang, Won Song, and, Dongxiong Zhu as the Representative Plaintiffs of the Class and finds that they meet the requirements of FED. R. CIV. P. 23(a)(4).

8. The Court appoints the following lawyers as Class Counsel, and finds that these counsel meet the requirements of FED. R. CIV. P. 23(a)(4):

> James Edward Rubin, Esq.
> The Rubin Employment Law Firm, P.C.
> 600 Jefferson Plaza, Suite 204
> Rockville, Maryland 20852
>
> Howard B. Hoffman, Esq.
> Jordan S. Liew, Esq.
> Hoffman Employment Law, LLC
> 600 Jefferson Plaza, Suite 204
> Rockville, Maryland 20852

9. The Court further finds that all the requirements for class certification are met in this case:

    a. **The Prerequisites of FED. R. CIV. P. 23:**

FED. R. CIV. P. 23(a) requires the following four threshold elements be met in order for a class to qualify for certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

**FED. R. CIV. P. 23(a)(1) (numerosity):** The proposed Class in this action consists of 312 potential individuals. This Court finds the Class is so numerous that joinder is impracticable in this case. Thus, the Court finds that this case satisfies the numerosity requirement under FED. R. Civ. P. 23(a)(1).

**FED. R. CIV. P. 23(a)(2) (commonality of facts and law):** Named Plaintiffs allege in this case that Defendants failed to comply with MWHL and MWPCL. Defendants dispute Named Plaintiffs' assertions and deny liability. The Court finds that a determination of the legality of Defendants' wage practices with respect to the Named Plaintiffs as well as the other Class Members concerns common questions of law and fact. As such, the Court finds that this case satisfies the commonality requirement of FED. R. Civ. P. 23(a)(2).

**FED. R. CIV. P. 23(a)(3) (typicality of claims and defenses):** The Named Plaintiffs' claims are identical to the claims asserted for every other Class Member, and all arise from the Named Plaintiffs' allegations that Defendants engaged in practices made unlawful under the MWHL and MWPCL; namely, the alleged failure to properly compensate minimum and overtime wages. Furthermore, the defenses to liability are similar as to every Class Member. Defendants dispute Named Plaintiffs' assertions and deny liability. The Court finds that this case satisfies the typicality requirement under FED. R. CIV. P. 23(a)(3).

**FED. R. CIV. P. 23(a)(4) (adequate representation):** The Named Plaintiffs' claims are not

conflicting or inconsistent with any Class Member's claims. Moreover, the Court finds that Named Plaintiffs are represented by able counsel with extensive experience in class action litigation, who have adequately represented the interests of the Class. Thus, the Court finds that the requirement of adequate representation under FED. R. CIV. P. 23(a)(4) is satisfied.

### b. Requirements of FED. R. CIV. P. 23(b):

After determining that this case satisfies the requirements of FED. R. CIV. P. 23(a), the Court must determine pursuant to FED. R. CIV. P. 23(b) whether this case may be maintained as a class action under FED. R. Civ. P. 23(b)(1), (b)(2) or (b)(3).

**FED. R. Civ. P. 23(b)(3):** This Court finds that the allegations in this case focus on alleged uniform and consistent policies and practices and that there are common, overriding legal claims held by all Class Members regarding whether the wages paid to them satisfied minimum and overtime wage standards. The Court further finds that the pursuit of numerous individual cases, which would be essentially identical, would be a waste of judicial time and resources. In summary, common questions predominate over individualized questions and a class action suit is the superior vehicle to efficiently adjudicate this lawsuit. Certification under FED. R. CIV. P. 23(b)(3) is appropriate.

10. After due consideration of the state of proceedings and the posture of the case at the time settlement was proposed; the circumstances surrounding settlement negotiations; the experience of counsel; the relative strength of Named Plaintiffs' case on the merits; the existence of difficulties of proof and defenses Plaintiffs would be likely to encounter if the case went to trial; the anticipated duration and expense of additional litigation; the likelihood of recovery on a litigated judgment; the lack of opposition to the settlement; the lack of any objections to this settlement; all written submissions; affidavits and arguments of counsel; and after notice and a hearing, this Court

finds that the settlement is fair, adequate, and reasonable. Accordingly, the Settlement Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the parties to this settlement, including Class Representatives and all Class Members. Each Class Representative and Class Member shall be bound by the Agreement, including the releases in the Settlement Agreement.

11. The Parties are hereby **ORDERED** promptly to carry out their respective obligations under the Settlement Agreement. Defendants are hereby **DIRECTED** to submit monetary payments sufficient to fully fund the Qualified Settlement Fund ("QSF"), pursuant to the terms of the Settlement Agreement. The Claims Administrator is hereby **DIRECTED** to make payments from the QSF to those Class Representatives and Class Members entitled to monetary payments under the Settlement Agreement consistent with the terms of the Settlement Agreement, and as set forth in the attached spreadsheet. (Exh. 2). Pursuant to the terms of the Settlement Agreement, Defendants shall be responsible for instructing the Claims Administrator to (1) prepare and file the required reports associated with all payments to Claimants made pursuant to the Settlement Agreement from the QSF, and (2) to remit to all proper tax authorities all payroll taxes deducted pursuant to the Settlement Agreement, including employer-side payroll taxes and to accurately issue all appropriate IRS Forms W-2 and 1099.

12. All Released Claims of each Maryland Opt-In Claimant (as that term is defined in the Settlement Agreement) and each FLSA Opt-in Claimant (as that term is defined in the Settlement Agreement) are hereby dismissed with prejudice.

13. All Released Claims of each Class Representative and each Pre-Settlement FLSA Opt-in Plaintiff (as that term is defined in the Settlement Agreement) are hereby dismissed with prejudice.

14. All Released Claims of each Maryland Wage Class Member (as that term is defined in the Settlement Agreement) who have not opted-out of the litigation, are hereby dismissed with prejudice.

15. Each and every Class Representative, Pre-Settlement Opt-in Plaintiff, FLSA Opt-In Claimant, and Maryland Opt-in Claimant is permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against any of the Released Parties (as that term is defined in the Settlement Agreement) for any of the Released Claims in paragraph VIII.A and B of the Settlement Agreement, including but not limited to, claims under the FLSA, MWHL, and MWPCL.

16. Each and every Maryland Wage Class Member who has not opted-out of the litigation, are permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against any of the Released Parties (as that term is defined in the Settlement Agreement) for any of the Released Claims in paragraph VIII.C of the Settlement Agreement, including but not limited to, claims under the MWHL, MWPCL, and the Montgomery County (Maryland) Minimum Wage Law.

17. The Maryland Wage Class and each individual Class Representative, Pre-Settlement FLSA Opt-In Plaintiff, Maryland Wage Class Member, Maryland Opt-In Claimant, and FLSA Opt-In Claimant are permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against any of the Released Parties (as that term is defined in the Settlement Agreement) for any of the Released Claims in paragraph VIII.D.

18. Pursuant to paragraph VII.C of the Settlement Agreement, within twenty (20) business days after the entry of the Final Approval Order, or twenty (20) business days after the expiration and exhaustion of any appeals have passed, whichever date occurs later, the Claims Administrator shall deliver to Class Counsel checks drawn on a United States bank and payable to

each of the Claimants, in United States Dollars, in the total amounts payable as provided in III.B of the Settlement Agreement.

19. The Court approves the terms of the Parties' Settlement Agreement, declares the Plaintiffs to be the prevailing party for the purposes of this litigation, and further states that all claims have been resolved, excepting only the amount of attorneys' fees and costs to be paid to Class Counsel and the timing of that payment.

20. This Court retains continuing jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement, including but not limited to supervision of the payments to be made pursuant to the Parties' Settlement Agreement. The Court further retains jurisdiction to enforce this Order entered this day.

**SO ORDERED.**

_December 17, 2021_
Date

_/s/ Paul W. Grimm_
Honorable Paul W. Grimm
United States District Court Judge
United States District Court
For the District of Maryland